J-S60043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DANNY D. DANIELS | |
| Appellant | No. 1356 EDA 2015 |

Appeal from the PCRA Order April 15, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0003061-2013
CP-23-CR-0003639-2012
CP-23-CR-0007331-2012
CP-23-CR-0007336-2012
CP-23-CR-0008053-2012

BEFORE: BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED DECEMBER 18, 2015**

Danny D. Daniels appeals, *pro se*, from the order entered on April 15, 2015, in the Delaware County Court of Common Pleas, which dismissed his petition for post-conviction collateral relief.[1]  Daniels seeks relief from the judgment of sentence of an aggregate 4 to 10 years' imprisonment imposed on July 23, 2013, following a negotiated guilty plea agreement to numerous crimes at five different dockets.  Based on the following, we affirm.

The facts and procedural history underlying Daniels' convictions are well-known to the parties, and detailed in the trial court's opinion.  **See** Trial

_____

[1]  **See** Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.

Court Opinion, 6/12/2015, at 1-9. Accordingly, we need not reiterate them herein. For purposes of this appeal, we note only the following. On July 23, 2013, Daniels pleaded guilty to the following: (1) possession with intent to deliver ("PWID") and criminal conspiracy to commit PWID at Docket No. CP-23-CR-0003639-2012 ("Docket No. 3639");[2] (2) simple assault at Docket No. CP-23-CR-0007331-2012 ("Docket No. 7331);[3] (3) person not to possess a firearm and PWID at Docket No. CP-23-CR-0007336-2012 ("Docket No. 7336");[4] (4) unauthorized use of a motor vehicle at Docket No. CP-23-CR-0008053-2012 ("Docket No. 8053);[5] and (5) possession of a controlled substance and possession of drug paraphernalia at Docket No. CP-23-CR-0003061-2013 ("Docket No. 3061").[6]

That same day, the court sentenced him as follows: (1) at Docket No. 3639, consecutive terms of one to two years of state incarceration for both crimes; (2) at Docket No. 7331, a term of one to two years of state imprisonment for simple assault; (3) at Docket No. 7336, consecutive terms of two to five years of state incarceration for both offenses; (4) at Docket

---

[2] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S. § 903, respectively.

[3] 18 Pa.C.S. § 2701.

[4] 18 Pa.C.S. § 6105 and 35 P.S. § 780-113(a)(30), respectively.

[5] 18 Pa.C.S. § 3928.

[6] 35 P.S. §§ 780-113(a)(16) and (a)(32), respectively.

No. 8053, a term of one year to two years of state imprisonment for unauthorized use of a motor vehicle; and (5) at Docket No. 3061, consecutive terms of six to twelve months of state incarceration for both offenses.[7]  As stated above, Daniels was sentenced to an aggregate term of four to ten years' incarceration.  Daniels did not file a post-sentence motion or a direct appeal.

On April 25, 2014, he filed a *pro se* PCRA petition.  Counsel was appointed, and requested multiple extensions of time in order to file an amended petition.  On March 19, 2015, counsel then submitted an application to withdraw and a "no-merit" letter pursuant to **Turner**/**Finley**.[8]  After issuing a Pa.R.Crim.P. 907 notice,[9] the PCRA court dismissed Daniels' petition on April 15, 2004.[10]  This *pro se* appeal followed.

On May 15, 2015, the PCRA court ordered Daniels to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Daniels did not file a concise statement.  The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on June 12, 2015.

---

[7]  All criminal dockets were to be served concurrently.

[8]  **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[9]  Contemporaneous with issuing the Rule 907 notice, the court also granted counsel's motion to withdraw.

[10]  Two days before the trial court entered its order, Daniels filed a *pro se* motion for reconsideration.

On appeal, Daniels raises eight issues, including, *inter alia*, suppression, guilty plea, and sentencing challenges. **See** Daniels' Brief at vi – vii. However, before we may address these claims, we must determine whether he has properly preserved them.

As indicated above, on May 15, 2015, Daniels was ordered to file a statement of matters complained of on appeal. **See** Pa.R.A.P. 1925(b). The order specifically informed Daniels that any issues not contained in the statement would be deemed waived. **See** Order, 5/15/2015. Daniels never complied with this order. Rather, Daniels filed his appellant's brief with this Court on July 24, 2015.

In its Rule 1925(a) opinion, the PCRA court found the following:

As of today's date (June 12, 2015), [Daniels] has not lodged with the Delaware County Office of Judicial Support or forwarded to this court's chambers a response to the order (May 15, 2015) directing him to file a statement of matters complained of on appeal. Hence, [Daniels'] appeal should be deemed as waived.

Trial Court Opinion, 6/12/2015, at 9.

We agree. Generally, the failure to file a timely statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b)(2), when directed to do so by the court, results in the waiver of all issues on appeal. **See**

***Commonwealth v. Lord***, 719 A.2d 306 (Pa. 1998); ***Commonwealth v. Castillo***, 888 A.2d 775 (Pa. 2005). ***See also*** Pa.R.A.P. 1925(b)(4)(vii).[11]

Moreover, we note in reviewing the denial of a PCRA petition, our review is limited to whether the PCRA court's determination is supported by the evidence of record and whether it is free from legal error. ***See Commonwealth v. Edmiston***, 65 A.3d 339, 345 (Pa. 2013), *cert. denied*, 134 S. Ct. 639 (U.S. 2013). Our review of the record, including the dockets, confirms that Daniels was ordered to file a concise statement and he failed to do so. The PCRA court's conclusion that this failure resulted in the waiver of all issues is free of legal error. Therefore, Daniels is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/2015

---

[11] Rule 1925(b)(4)(vii) provides: "Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii).